

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. C.J. Wilde, County Auditor
Nueces County
Corpus Christi, Texas

Dear Sir:

Opinion No. O-1756
Re: Is it possible for the Commissioners'
Court to employ an agent to procure infor-
mation necessary for the proper compila-
tion of the tax rolls by merely making a
record on the Commissioners' Court Minutes
or should there be a regularly drawn con-
tract?

This will acknowledge receipt of your recent
request for an opinion on the above stated question.

Your letter reads, in part, as follows:

" * * * I wish to advise that we do not
have a written contract at this time but have
pleasure in enclosing herewith certified copies
of the Minutes which set the salaries of the
deputies in question at the amounts shown in
the certified copies.

"The writer's question in this matter has
been, is it possible for the Commissioners'
Court to employ agent of this kind by merely
making a record on the Commissioners' Court
Minutes or should there be a regularly drawn
contract."

We quote the certified copies of the Minutes of
the Commissioners' Court which are enclosed with your
inquiry:

"Upon motion by Commissioner Hall, second-
ed by Commissioner Arnim, it was voted by the

Court that Ham De Cordova be re-employed for a period of 12 months from December 15th, 1938, as Tax Ferret at a salary of $300.00 per month, under the supervision of the County Tax Assessor-Collector."

"Upon motion by Commissioner Risinger, seconded by Commissioner Arnim, it was voted by the Court that B.M. Estes be employed as 'Tax Ferret' to represent the Commissioners' Court and assist it in the tax assessors department, to keep up and maintain the Stoner Valuation System; said B.M. Estes to be employed at a salary of $200.00 per month and that said salary be paid out of the General Fund of the County, under supervision of the County Tax Assessor-Collector."

By the provisions of the above quoted Minutes of the Commissioners' Court, the parties mentioned therein, are employed as Tax Ferrets.

Articles 7264a and 7335a, Vernon's Civil Annotated Statutes, read as follows:

"Art. 7264a.  Adjustment of delinquent taxes and collection thereof

Sec. 1.  It is hereby declared the Policy of the State to adjust delinquent taxes, correct errors, to eliminate conflicts in surveys of land, and to collect the delinquent, occupation, franchise and Ad Valorem Taxes, in order to clear this State of such taxes, errors and conflicts at the earliest date possible, and to provide a system for assessors, in order to eliminate the numerous errors that now appear on the tax rolls each recurring year."

"Art. 7335a.  Delinquent tax contracts

Sec. 1.  No contract shall be made or entered into by the Commissioners' Court in connection with the collection of delinquent taxes where the compensation under such contract is

Hon. C.J. Wilde, page 3

> more than fifteen per cent of the amount col-
> lected. Said contract must be approved by
> both the Comptroller and the Attorney General
> of the State of Texas, both as to substance
> and form. Provided however the County or
> District Attorney shall not receive any com-
> pensation for any services he may render in
> connection with the performance of the con-
> tract or the taxes collected thereunder."

The case of WYATT vs. McGILL, County Judge,
et al, 114 S.W. (2d) 860 holds that the statutes govern-
ing contracts made "in connection with the collection
of delinquent taxes", the words "delinquent taxes" are
not used in the technical sense, but the statute mani-
fest intent to check existing evil resulting from the
employment of tax ferrets, and not only to specify maxi-
mum compensation but to require approval of such contracts
by both the Comptroller of Public Accounts and the At-
torney General of the State of Texas and that a contract
whereby the county agreed to pay tax ferrets for pointing
personalty which the owners have failed to assess for the
current year or prior years, at a rate of fifteen per
cent of the state and county taxes collected on property
thus pointed out, or if the State Comptroller or Attor-
ney General should refuse to allow payment, for twenty-
five per cent of the county taxes only, such a contract
was in connection with the collection of delinquent
taxes and within the statute requiring such contracts to
be approved by both the Comptroller and the Attorney
General, and was void without such approval.

This case further holds that the Commissioners'
Court may validly employ "skilled experts" to value for
taxation purposes property in special instances, where
technical equipment is required.

In Opinion No. O-1612, written by Hon. Billy
Goldberg, Assistant Attorney General, directed to Hon.
Fred Norris, County Auditor of Polk County, this depart-
ment held that the County Commissioners' Court had author-
ity to employ tax engineers to represent the Commissioners'
Court in arriving at various oil valuations in Polk
County. And that such contract was not analogous to a
contract for the collection of delinquent taxes.

The case MARTUART, ET AL vs. HARRIS COUNTY, ET AL, 117 S.W. (2d) 494, holds that a contract whereby a county employed skilled experts to discover and place on rolls for taxation property which has theretofore escaped taxation was a contract "in connection with the collection of delinquent taxes" and within the statute requiring such contracts to be approved by the Comptroller of Public Accounts and Attorney General of the State of Texas and was void without such approval. This case further holds that the participation of the Comptroller was an indispensable requirement for the validity of a contract whereby skilled experts agreed to search for, survey, identify the owners of, and make an appraisal of all the taxable personalty in a county showing the value of such property as of January 1, 1938, and to complete a land and building valuations survey for the entire county and file the complete report of such land and buildings and their values for the use of the Board of Equalization and the Tax Assessor and Collector.

In view of the foregoing authorities you are respectfully advised that it is the opinion of this department that contracts whereby tax ferrets are employed such contracts must be in writing and approved by the Comptroller of Public Accounts and the Attorney General of the State of Texas and without such approval, such contracts are void.

Trusting that the above fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:ob

APPROVED JAN 6, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN